UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  vs.<br><br>GABRIELE E. KOENIG<br>*aka* GABRIELE LOPEZ,<br><br>              Defendant. | No. CR-02-127-JLQ<br>     CV-05-84-JLQ<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND CLOSING THE FILE |

BEFORE THE COURT are Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Ct. Rec. 122) and Motion for Evidentiary Hearing and Appointment of Counsel (Ct. Rec. 123). Assistant United States Attorneys **Stephanie Whitaker, Aine Ahmed,** and **Earl Hicks** represented the Government in this matter during trial and at sentencing. **Gabriele Koenig** has filed this 28 U.S.C. § 2255 motion *pro se*.

## PROCEDURAL HISTORY

Defendant was convicted on two counts of violation of 21 U.S.C. § 841(a)(1). As to these two counts, the jury specifically found that on one occasion Defendant distributed a substance of more than 5 grams containing cocaine base and on the other occasion possessed a substance of 50 or more grams containing cocaine base. (Ct. Rec. 63 & 64). The court then entered a Judgment of Acquittal, and in the alternative grant of new trial, as to the Count involving 50 or more grams. (Ct. Rec. 77). Defendant was subsequently sentenced and Judgment entered on November 15, 2002. Defendant's conviction and sentence were affirmed on direct appeal by the Ninth Circuit Court of Appeals on March 29, 2004 in an unpublished opinion, and after motion for

ORDER - 1

reconsideration was denied, the mandate issued on July 22, 2004. Under 28 U.S.C. § 2255, a 1-year period of limitation applies to the filing of a motion to set aside, vacate, or correct sentence. Defendant's motion was timely filed on March 24, 2005.

Defendant raises four contentions in her § 2255 motion: 1) ineffective assistance of counsel; 2) right to an impartial and unbiased jury; 3) a Due Process/Equal Protection violation; and 4) that her sentence was incorrectly imposed based on the then mandatory nature of the Sentencing Guidelines.

### I. Ineffective Assistance of Counsel

Defendant argues the counsel was ineffective because counsel did not have enough time to prepare. Defendant asserts that her original attorney was forced to withdraw because of a conflict and she did not obtain new counsel until seven days before trial. She also asserts counsel failed to challenge the "Wire Tap under Title III" and failed to object when Defendant told counsel that the jury foreman was giving Defendant "looks and stares".

In order to succeed on an ineffective assistance of counsel claim, Defendant must establish: 1) that counsel's actions were outside the wide range of professionally competent assistance, and 2) that Defendant was actually prejudiced by reason of counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Defendant must "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693-94. Defendant makes no showing of prejudice. Defendant makes only conclusory allegations that "counsel acted in an ineffective capacity" or was unable to "perform a standard of objective reasonableness". Without any evidence, or even allegation, of how Defendant was prejudiced, this court need not even reach the first prong of determining how effective, or deficient, were counsel's actions. See *United States v. Jones*, 43 Fed.Appx. 119 (9th Cir. 2002) (unpublished) (citing *Mayfield v. Woodford*, 270 F.3d 915, 925 (9th Cir. 2001)); *Escobedo v. United States*, 56 Fed.Appx. 305 (9th Cir. 2003)("We need not explore whether counsel's

assistance was ineffective because [defendant's] claim fails *Strickland's* prejudice inquiry").

## II. Right to an Impartial and Unbiased Jury

Defendant argues that she was deprived of her Sixth Amendment right to an impartial jury because the jury foreperson knew Defendant. Defendant claims that the foreperson, juror Peone, was "related through marriage to the ex-girlfriend of [Koenig's] daughter's fiance". Defendant claims juror Peone discussed the case with her relatives before and during the trial and that such activity is juror misconduct.

Juror Peone was asked during voir dire if she had read or heard anything about the case and she stated that she had not. She was asked if she had an open mind about the case, and she stated that she did. She did not answer in the affirmative when the jury was asked if anyone had any knowledge of Gabrielle Koenig or members of her family. Defense counsel had no objection to the empaneling of Juror Peone. Defendant did not raise this issue in a motion for new trial or on direct appeal. Accordingly, Defendant's contention is procedurally defaulted because it was not raised on direct appeal and Defendant has not shown cause and prejudice for failure to raise it. See *United States v. Cordero*, 35 F.3d 572 (9th Cir. 1994)(unpublished)(citing *United States v. Dunham*, 767 F.2d 1395,1397 (9th Cir. 1985)("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal.")).

To the extent Defendant's claim regarding Juror Peone is construed as a claim that her counsel was ineffective for failing to raise the issue at trial, Defendant has failed to demonstrate prejudice. Defendant makes no allegation of how she was prejudiced by the alleged fact that Defendant's daughter's finance had an ex-girlfriend who was a relative of Juror Peone. Defendant asserts only her "belief" that Juror Peone had discussed the case with her relatives during trial. Defendant has failed to make a showing of prejudice and accordingly her claim must fail. See also *supra* Section I.

Additionally, Defendant contends that Juror Peone should have been removed from

ORDER - 3

the jury because she recognized the names of a couple of individuals on a tape and transcript that were presented to the jury. Specifically, Peone was familiar with the names Kim and Kurt from the Indian reservation. (Trial tr. 253). Juror Peone did volunteer to the court, at a recess, that she was familiar with those names. The court held an in-chambers conference with Peone and counsel, at the close of which the court concluded: "I think it's so unrelated that it isn't going to affect her judgment, and I think she's very frank and honest when she says it's not going to affect her judgment . . . ". (Trial tr. 271). Defendant did not raise the court's alleged failure to remove this juror on direct appeal and therefore it is procedurally defaulted. To the extent she claims counsel was ineffective for not raising the claim, it was raised at trial, and Defendant has made no showing of prejudice stemming from Peone's knowledge of Kim and Kurt.

### III. Due Process/Equal Protection violation

Defendant's Due Process/Equal Protection argument is that the Government prosecutors behaved in a vindictive manner. As specific examples Defendant points to: 1) "waiting until the very day of the trial to arrest a group of individuals with the last name of Singh, the same name as her co-defendant"; 2) that juror Peone was allowed to be empaneled; 3) that the court listened to a tape of her debriefing with the Government in making its sentencing judgment; and 4) that the Government used a "board" that portrayed a scenario of events during closing argument.

As to Defendant's first claim, this issue was raised and addressed with counsel on the second day of trial. The jury was admonished regarding listening to or reading any news accounts of this unrelated arrest involving individuals with the same last name as one of the defendants. (See Ct. Rec. 33 & trial transcript p. 279). This point was raised on direct appeal and the Ninth Circuit previously held that the district court did not err.

As to juror Peone, that claim was fully addressed *supra*. The third claim involves this court's listening to a tape of a debriefing with the Government in order to determine if Defendant qualified for the 'safety valve' under 18 U.S.C. § 3553. Koenig argues that listening to this tape was a violation of *Blakely v. Washington*, 542 U.S. __(2004).

ORDER - 4

Koenig misunderstands the law and her claim is meritless. The jury specifically found that on one occasion Defendant distributed a substance of more than 5 grams containing cocaine base. This jury finding mandates a mandatory minimum sentence of at least 5 years. See 21 U.S.C. § 841(b)(B). The court was evaluating the tape, which was not presented to the jury, in order to determine if she qualified for the 'safety valve' and if her sentence could be reduced below the mandatory minimum. The court was not evaluating the debriefing to enhance her sentence beyond that allowed by the facts as reflected in the jury verdict. There was no *Blakely* violation and the Ninth Circuit previously affirmed this court's 'safety valve' determination on direct appeal.

As to Koenig's fourth claim, that the Government improperly used a visual aid in closing argument, the claim is denied. There was no objection to the use at trial, in the motion for new trial, or on direct appeal. The claim is therefore procedurally defaulted absent a showing of cause and actual prejudice. *United States v. Vasquez*, 2005 WL 1111855 (9th Cir. May 11, 2005)(citing *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003)). Koenig does not assert any prejudice that she suffered from the presentation, instead arguing that "the board" was new evidence. Visual aids are routinely used for demonstrative purposes in opening and closing arguments. This was not a high-tech multimedia presentation, the Government simply used an easel. There is no indication from the record that Koenig was prejudiced in any manner. The claim is denied.

**IV. Sentence in violation of *Booker***

Koenig claims that her sentence was imposed in violation of *United States v. Booker*, 125 S.Ct. 738 (2004). Koenig was sentenced to the mandatory minimum sentence of 5 years as mandated by the facts as found by the jury. The court did not engage in any fact-finding that increased Koenig's sentence beyond the maximum statutory penalty for the crime committed. Koenig's claim is meritless as *Booker* does not bear on mandatory minimums. See *United States v. Cardenas*, __F.3d__ (9th Cir. May 4, 2005); see also *Harris v. United States*, 536 U.S. 545 (2002)(the Constitution permits judges to find facts giving rise to the mandatory minimum, so long as that minimum

remains below the maximum statutory penalty for the crime committed).

### V. Koenig's Motion for Evidentiary Hearing

Under 28 U.S.C. § 2255, an evidentiary hearing is not required if the "motion and files and records of the case conclusively show that the prisoner is entitled to no relief." See also *United States v. Ruiz*, 31 Fed.Appx. 530 (9th Cir. 2002)(unpublished).  Because the record in this case conclusively establishes that Koenig is entitled to no relief from her 5-year mandatory minimum sentence, she is not entitled to an evidentiary hearing. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct sentence is **DENIED**. (Ct. Rec. 122).

2. Defendant's Motion for Evidentiary Hearing is **DENIED**. (Ct. Rec. 123).

2. The Clerk of the Court shall close the files.

**IT IS SO ORDERED**.  The Clerk shall file this Order, close the files, and furnish copies to Defendant and counsel.

DATED this  24th day of May, 2005.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE