UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GABRIELE KOENIG, a/k/a/ GABRIELE LOPEZ,<br><br>　　　　　Defendant. | No. CR-02-0127-JLQ<br><br>MEMORANDUM RE: CLAIM OF SUCCESSIVE PETITION, DIRECTING ATTENTION TO SPECIFIC ISSUES AND ORDER RE: DEPORTATION |

On November 4, 2002, the Defendant was sentenced to a mandatory minimum term of imprisonment of five (5) years on a possession with intent to distribute charge to be followed by a term of four(4) years of Supervised Release. The Judgment and Sentence were affirmed on appeal. Thereafter, the Defendant filed a *pro se* habeas corpus petition on March 24, 2005 which was denied by this court on May 24, 2005. Now before the court is the Defendant's Motion To Dismiss and Vacate Conviction (C.R. 137) filed in this court on November 21, 2006 by Beth Bollinger, Esq., the court appointed attorney for the Defendant, based upon alleged *Brady/Giglio* violations by the Government. The Government is represented by Stephanie A. Whitaker, Assistant United States Attorney.

On December 20, 2006, the court heard argument on the Government's contention that the pending Motion To Vacate is a second and successive *habeas corpus* proceeding and therefore barred unless the Defendant obtains certification from the Ninth Circuit Court of Appeals authorizing the filing of the Petition in this court pursuant to 28 U.S.C. § 2244(3)(A). Following argument, the court granted the request of Ms. Whitaker to file a Supplemental Response to the Petition. Supplemental briefing has been filed by both

ORDER - 1

sides.

The Government now relies on the case of *Burton v. Stewart*, ____U.S. ___, 127 S. Ct. 793 (Jan. 9, 2007). Ms. Bollinger, on behalf of the Defendant, contends that the *Burton* case is not apposite in that in this case it is undisputed that the Defendant was not and could not have been in possession of the allegedly withheld *Brady* material at the time she filed her first Petition in 2005. The Government does not dispute that contention, however, even without that information, the Government contends that the Petition *sub judice* is a successive Petition.

The court finds that the pending Petition is not a second or successive Petition. This case is clearly distinguishable from *Burton* for several reasons. First, the Supreme Court held that Burton was challenging the same sentence that had been previously imposed on him. The Court at p.797 stated: "[T]here is no basis in our cases for supposing, as the Ninth Circuit did, that a petitioner with unexhausted claims who chooses the second of these options-who elects to proceed to adjudication of his exhausted claims-may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition." There are no such exhaustion issues in the matter before this court.

The Supreme Court in *Burton* also stated at p. 797 that: [W]e assume, for purposes of this case, without deciding, that the Ninth Circuit's 'legitimate excuse' approach to determining whether a petition is 'second or successive' is correct." Being guided by *McClesky v. Zant*, 499 U.S. 467 (1991) and particularly *Stewart v. Martinez-Villarel*, 523 U.S. 637 (1998), this court has no difficulty in deciding that where the Government, through its agents, has allegedly withheld exculpatory evidence from a Defendant and the Defendant does not learn thereof, or have such an opportunity, until after a first Petition has been filed and disposed of, the next Petition based upon the then discovered Government's alleged withheld evidence does not constitute a "second or successive" Petition. To rule that the Government may allegedly withhold evidence it is

ORDER - 2

constitutionally obligated to reveal and then, when disclosed, to further rule that a Petition based on the withheld evidence is precluded by § 2244(3)(A) as being successive or successive would be to condone such unconstitutional withholding actions. The Government's request that this court dismiss the pending Petition as being "second or successive" is DENIED.

Having disposed of the jurisdictional challenge by the Government, the court will schedule further argument in this matter. To assist counsel and the court, the court requests that counsel be prepared to address, *inter alia*, certain matters. First, throughout the Government's brief it seemingly takes the position that what Special Agent Shelby Smith of the Drug Enforcement Agency, knew about the "unreliable" status with other agencies of the informant witness David Palmer, was not within the knowledge of the "Government". ("The United States presented all required material on both informants, including Mr. Palmer, that was in its possession at the time." U.S. Response (C.R. 148) at page 2, line 27).

The Government's argument appears to be that since the *Brady* determinations were made by an Assistant United States Attorney from only a review of the informant's "file," which did not contain information as to the "unreliability" determination by other law enforcement agencies or Agent Smith's knowledge thereof, such information, known to Smith but not the prosecutors, was not within the knowledge of the "Government". It is undisputed that Agent Smith knew of the "unreliable" determinations, but did not include that information in Palmer's D.E.A. file nor did Smith have a copy of the Task Force's "unreliable" Memo. Smith testified in the U.S. v. Heit matter that he did not disclose the "unreliable" information to any of the Assistant United States Attorneys involved in Ms. Koenig's prosecution or review of Palmer's D.E.A. file during that prosecution. The rule of law is clear that *Brady* material is not just what has been disclosed to the attorneys representing the Government, but includes all information in the possession of Government agents:

ORDER - 3

> Because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know, but could have learned. . . A prosecutor's duty under *Brady* necessarily requires the cooperation of other government agents who might possess *Brady* material. Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating agency does. That would undermine *Brady* by allowing the investigating agency to prevent production by keeping a report out of the prosecutor's hands until the agency decided the prosecutor ought to have it, and, by allowing the prosecutor to tell the investigators not to give him certain materials unless he asked for them.

*United States v. Blanco*, 392 F. 3d 382, 388-94 (9th Cir. 2004). See also *United States v. Henthorn*. 931 F. 2d 29 (9th Cir. 1990).

This court specifically recalls the request by defense counsel during trial for the court to review informant Palmer's D.E.A. file and the court (in retrospect) seemingly summarily rejecting that request with a statement that it was the obligation of the U. S. Attorney's office to seek out and disclose *Brady* material. *Quaere*: Was it the obligation of the Assistant U. S. Attorneys to not only inspect the informant's file, but also to inquire of Agent Smith as to any *Brady* material of which he had knowledge concerning Palmer, including the "unreliability" determination by other agencies and to then either disclose the same to defense counsel or present the material to the court for a decision thereon, specifically since the court stated it was relying on the Government and the U.S. Attorney's office to fulfill their obligations under *Brady*? Would the "unreliable" information be such that the defense might, *inter alia,* seek to call those officials, such as Lt. Chan Bailey, to impeach informant Palmer as to his reputation for truth and veracity pursuant to F. R. Evid. P. 608(a)?

The court is aware that an evidentiary hearing in U. S. v. Heit, CR-05-6028-EFS was held as to the knowledge of Agent Smith as to decision of other law enforcement agencies not to use David Palmer in further investigations because of "unreliable" allegations. Judge Shea of this court made findings and rulings on that matter in the Heit case. In this Koenig case both sides cite from the evidence and findings in Heit. At oral argument, the parties should inform the court if they intend to have those determinations

ORDER - 4

Case 2:02-cr-00127-JLQ   Document 156   Filed 02/21/07

from Heit applied in this case without further evidentiary hearings.

Finally, and without limitation on argument, counsel should be prepared to further address the question that if the "unreliable" information is determined to have been withheld *Brady* information, was such withholding prejudicial and would a "reasonable probability of a different result" exist had it been disclosed? *Kyles v. Whitley*, 115 S. Ct. 1555, 1566 (1995). Counsel should be prepared to address the use, if any, which might have been urged and allowed at trial if the "unreliability" information concerning Palmer been required and made.

The foregoing is not meant to be a ruling by the court on any of the issues, other than the "second or successive" claim of the Government and is only meant to frame, but not exclude, any argument by counsel.

The Government is directed to continue to withhold the deportation of the Defendant pending the further Order of this court, since if her challenge to the underlying conviction is upheld, it appears that no other basis exists for her deportation.

The Clerk of this court shall enter this Order and forward copies to counsel. Counsel for the Government shall forward a copy of this Order to the appropriate Government agencies having custody and jurisdiction over the Defendant.

**DATED** this 21st day of February 2007.

        s/ Justin L. Quackenbush
        JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5